UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nathan Salvatore | : | |
| Plaintiff | : | |
| Vs. | : | 4:14-CV-01848-YK |
| Microbilt Corporation | : | |
| a/k/a MicroBilt Corp. | : | |
| a/k/a MicroBilt | : | |
| a/k/a/MicroBilt Corporation d/b/a CL Verify, LLC | : | |
| | : | |
| and | : | |
| John Does 1-10 | : | Jury Trial Demanded |
| (address unknown) | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| (address unknown) | : | |
| Defendants | : | |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendants' alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. §1681, et seq.

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this District because Defendants do business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

4. Plaintiff resides in this jurisdiction.

5. Witnesses involved in the case are located at or near this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. The Plaintiff is Nathan Salvatore, an adult individual with a current address of 11163 Rose Valley Road, Trout Run, PA 17771.

8. Defendants are the following individuals and business entities.

   a.     Microbilt, a corporation and its wholly owned subsidiary CL Verify, with a business address including but not limited to P.O. Box 440693, Kennesaw, Ga. 30160.

   b.     John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

   c.     X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC §1681 et. seq.
Failure to Redact Plaintiff's Social Security Number**

9. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

**PLAINTIFF'S STATUS AS A CONSUMER, 15 USC §1681a (c)**

10. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC §1681.

11. At all times mentioned herein Plaintiff was a person as defined by 15 USC §1681a (c).

12. At all times mentioned herein Plaintiff was an individual as defined by 15 USC §1681a

(c).

**FILES MAINTAINED BY DEFENDANTS ON PLAINTIFF 15 USC §1681a (d)**

13. At all times mentioned in this Complaint, Defendants maintained a "consumer report" on

Plaintiff as defined by 15 USC §1681(a)(d), as follows:

**(d) Consumer Report.—**
**(1) In general.—** The term "consumer report" means any written, oral, or other
communication of any information by a consumer reporting agency bearing on a
consumer's credit worthiness,[1] credit standing, credit capacity, character, general
reputation, personal characteristics, or mode of living which is used or expected to be
used or collected in whole or in part for the purpose of serving as a factor in establishing
the consumer's eligibility for
**(A)** credit or insurance to be used primarily for personal, family, or household purposes;
**(B)** employment purposes; or
**(C)** any other purpose authorized under section 1681b of this title.

14. The report maintained by Defendants on Plaintiff was a written communication.

15. The written report maintained by Defendants had a bearing on Plaintiff's credit

worthiness, credit capacity, character, general reputations, personal characteristics or

mode of living for reasons including but not limited to the following.

   a.   The report contained information that tangentially referred to his employment

         affiliations.

   b.   The report contained information about various financial transactions.

    c.   The report contained information about Plaintiff's addresses and residential history.

    d.   The report contained telephone numbers pertaining to Plaintiff.

    e.   The report contained information pertaining to Plaintiff's assets.

16. The report maintained by Defendants on Plaintiff was a consumer report because the report would reasonably be expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance for personal, family, or household purposes; or for employment purposes; or for any other purpose authorized under section 15 USC §1681b et. seq.

17. The report maintained by Defendants on Plaintiff was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC 1681b et. seq.

18. The report maintained by Defendants on Plaintiff was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC §1681b et. seq. because it contained information that pertained to the individual consumer plaintiff's assets.

19. The report maintained by Defendants on Plaintiff was a consumer report because the report may be used by insurance companies to determine insurance worthiness information about Plaintiff.

20. The report maintained by Defendants on Plaintiff was a consumer report because the report would reasonably be expected to be used for consumer collection purposes as authorized by 15 USC §1681b et. seq. because it contained information that would help the user locate an individual consumer such as Plaintiff.

21. The report maintained by Defendants on Plaintiff was a consumer report because the report contained information which would verify the Social Security number of an individual consumer such as Plaintiff.

22. The report maintained by Defendants on Plaintiff was a consumer report because the report would reasonably be expected to be used for employment purposes as authorized by 15 USC §1681b et. seq.

## DEFENDANTS' STATUS AS A CONSUMER
## REPORTING AGENCY, 15 USC §1681a(f)

23. At all times mentioned in this Complaint, Defendants were acting as a "consumer Reporting Agency" as defined by 15 USC §1681a(f) as follows.

> **(f)**The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

24. Defendants maintained the consumer report on Plaintiff for monetary fees, dues, or on cooperative nonprofit basis.

25. Defendants regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

26. Defendants use one or more means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports on Plaintiff and other consumers.

5

**DEFENDANTS' STATUS AS A NATIONWIDE**

**SPECIALITY CONSUMER PREPORTING AGENCY 15 USC §1681a(w)**

27. At all times mentioned in this Complaint, Defendants were acting as a  "Nationwide

Specialty Consumer Reporting Agency" as defined by 15 USC §1681a(w) as follows.

> (w) Nationwide Specialty Consumer Reporting Agency.— The
> term "nationwide specialty consumer reporting agency" means a
> consumer reporting agency that compiles and maintains files on
> consumers on a nationwide basis relating to—
> (1) medical records or payments;
> (2) residential or tenant history;
> (3) check writing history;
> (4) employment history; or
> (5) insurance claims.

28. At all times mentioned in this Complaint, Defendants compiled and maintained files on

consumers on consumers on a nationwide basis.

29. At all times mentioned in this Complaint, Defendants maintained consumer reports on

Plaintiff and other consumers related to residential or tenant history.

30. At all times mentioned in this Complaint, Defendants maintained consumer reports on

Plaintiff and other consumers related to insurance.

**PLAINTIFF'S REQUEST FOR CONSUMER REPORT FROM DEFENDANTS**

31. In 2014, Plaintiff contacted Defendants in writing and requested a copy of the information contained in Plaintiff's consumer report in which was maintained by Defendants.  See Exhibit A.

32. Plaintiff requested that Defendants redact the first five digits of Plaintiff's consumer report.  See Exhibit A.

**DEFENDANTS' DUTY TO REDACT
CERTAIN INFORMATION, 15 USC §1681g (a)(1)(A)**

33. Pursuant to 15 USC §1681g (a)(1)(A), Defendants were required to redact the first five digits of Plaintiff's Social Security Number because Plaintiff specifically requested Defendants to do so at the time that Plaintiff requested the consumer report from Defendants.

34. Defendants were required to redact Plaintiff's SSN on his consumer report even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

35. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

36. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

37. Such legislative purpose is also exemplified in 15 USC 1681c §(g), which was also part of the FACTA of 2003.  15 USC §1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale.  Even the expiration date from the card must be redacted.  This is true when such receipt from a bank card or credit card is given directly to the consumer, and not intended to be accessed by any third party.

38. The purpose of 15 USC 1681c §(g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

39. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

**DEFENDANTS' BREACH OF DUTY TO UNDER 15 USC §1681g (a)(1)(A)**

**TO REDACT CERTAIN INFORMATION**

40. Pursuant to Plaintiff's aforementioned written request, Defendants sent Plaintiff a purported full copy of Plaintiff's consumer report maintained by Defendants in response to Plaintiff's written requests.

41. The consumer report that was sent by Defendants to Plaintiff contained all of the digits of Plaintiff's Social Security Number, not redacted.  See Exhibit B.

42. Defendants breached their duty to Plaintiff under 15 USC §1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer report after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY

43. It is believed and averred that the acts committed by Defendants, were willful, wanton, and intentional.

44. Defendants are liable for the acts committed by its agents under the doctrine of respondeat superior because Defendants' agents were acting within the scope of their employment with Defendants.

45. In the alternative, Defendants are liable for the conduct of its agents / employees under the theory of joint and several liability because Defendants and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

46. Any mistake made by Defendants would have included a mistake of law.

**47.** Any mistake made by Defendants would not have been a reasonable or bona fide mistake.

**COUNT TWO: Violation of the Fair Credit Reporting Act and the Fair and
Accurate Credit Transactions Act, 15 USC §1681 et. seq.
Failure to Include Required Notices with Plaintiff's Consumer Report on or About
December 5, 2013**

48. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

49. At all times mentioned in this Complaint Defendants were a "consumer reporting agency" as defined by the 15 USC §1681, the Fair Credit Reporting Act.  Defendants were regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

50. At all times mentioned in this Complaint, Defendants MicroBilt branded reports to debt collectors, credit insurers and entities involved in the debt collection industry generally, to assist with the collection of delinquent consumer credit accounts, and to locate debtors and debtors' assets.

51. It is believed and averred that Defendants also sell reports to employers for pre-employment and residential screening.

52. A MicroBilt report can contain vast amounts of information about an individual consumer that Defendants have assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, employer and employment history, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, the existence of liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

53. As represented by Defendants, MicroBilt reports are an extremely useful tool for debt collectors in terms of increasing collection recovery rates and the Defendants aggressively market them to debt collectors.

54. Some of the data contained in the MicroBilt reports is regularly used by debt collectors to collect consumer debts from consumers throughout the country.

55. Some of the data that Defendants sell through MicroBilt reports derives from data that Defendants have purchased from other consumer reporting agencies and which it resells through a MicroBilt report.

56. At all times mentioned in this Complaint, Defendants operated as "consumer reporting agencies" ("CRAs"), consumer reporting agencies "that compile[s] and maintain[s] files on consumers on a nationwide basis," as defined by 15 USC §1681a et. seq, 15 USC §1681 b et. seq.

57. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs.

58. Despite the fact that Defendants assemble and compile consumer information for sale in the form of MicroBilt reports to debt collectors, employers, and credit insurers on a nationwide basis, Defendants did not provide consumers with summaries of their rights under the FCRA as required by 15 USC §1681 g (c)(2).

59. MicroBilt's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumers and interstate commerce.

60. 15 USC §1681 g (c)(2) imposes the following requirements on a consumer reporting agency to include certain notices and disclosures on the individual's or consumer's report when such report is provided by the consumer reporting agency to the consumer.

> **(2) Summary of rights required to be included with agency disclosures**
> A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—
> **(A)** the summary of rights prepared by the Commission under paragraph (1);
> **(B)** in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;
> **(C)** a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such

agency, in a form that will assist the consumer in selecting the appropriate
agency;

**(D)**a statement that the consumer may have additional rights under State law,
and that the consumer may wish to contact a State or local consumer
protection agency or a State attorney general (or the equivalent thereof) to
learn of those rights; and

**(E)**a statement that a consumer reporting agency is not required to remove
accurate derogatory information from the file of a consumer, unless the
information is outdated under section 1681c of this title or cannot be verified.

61. Defendants received Plaintiff's request for Plaintiff's consumer report and sent Plaintiff a
copy of Plaintiff's consumer report on or about February 3, 2014.

62. Defendants did not include the above described required notice or disclosure with
Plaintiff's consumer report when Defendants sent Plaintiff the consumer report on or
about February 3, 2014.

63. Defendants breached their duty under 15 USC §1681 g (c)(2) to provide such notice or
disclosure to Plaintiff on or about February 3, 2014.

64. Instead of mailing Plaintiff a proper summary of rights required by 15 USC §1681 g
(c)(2), Defendants mailed Plaintiff a cover letter along with the purported copy of
Plaintiff's consumer report.

**DAMAGES**

65. At least $100.00 actual damages for Plaintiff, including but not limited to phone, fax,
stationary, postage, attorney fees, filing fees, etc.

66. Plaintiff believes and avers that he is entitled to $1,000.00 statutory damages pursuant to
15 USC §1681 et. seq., for each count.

67. Plaintiff believes and avers that Defendants' conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

68. Plaintiff requests punitive damages against Defendants in the amount to be determined by this Honorable Court.

69. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $5,000.00 because Defendants' actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

70. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $5,000.00 because Defendants' actions had the effect of compromising the integrity of 15 USC §1681 et. seq.

## ATTORNEY FEES

71. Plaintiff is entitled to attorney fees pursuant to 15 USC §1681 et. seq., in the amount of $3,400.00 at a rate of $350.00 per hour, enumerated below, plus other non-itemized time not included at present calculation.

a.  Consultation with client.                                                              5
    3 separate meetings in November, 2013, December, 2013, January, 2014

b.  Research, drafting, editing, review and filing of complaint,
    related documents and exhibit, February, March, and April 2014 meetings.    4.7

c.  Follow up contact with Defense (expected)                              2
                                                    _____

                                                    9.7 x $350 = $3,400

72. Plaintiff's attorney fees continue to accrue as the case move forward.

73. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

74. Plaintiff requests a jury trial in this matter.

75. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendants in the amount of no less   than $10,401.00 as enumerated below.

$1.00 more or less actual damages.

$2,000.00 statutory damages pursuant to 15 USC §1692k et. seq.

$3,400 attorney fees

$5,000 punitive damages

_____

$10,401.00

Plaintiff seeks such additional relief as the Court deems just and proper.

____John Piazza, III_____          12/9/2014
John Piazza, III, Esquire                 Date
Supreme Court ID Number 77494
Attorney for Plaintiff
1114 Grove St.
Williamsport, PA  17701
570-321-1818
Fax: 866-367-0185
JohnPiazza3@verizon.net

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


Nathan Salvatore,                                          :
                                    Plaintiff              :
Vs.                                                        :        4:14-CV-01848-YK
Microbilt Corporation                                      :
a/k/a MicroBilt Corp.                                      :
a/k/a MicroBilt                                            :
a/k/a/MicroBilt Corporation d/b/a CL Verify, LLC           :
                                                           :
and                                                        :
John Does 1-10                                             :        Jury Trial Demanded
(address unknown)                                          :
and                                                        :
X,Y,Z Corporations                                         :
(address unknown)                                          :
                                    Defendants             :


**VERIFICATION**


I, Nathan Salvatore, affirm that the statements contained in the attached complaint are true and correct to the best of my knowledge, understanding, and belief.


/s/ Nathan Salvatore_____          ___12/9/2014_____
Nathan Salvatore                         Date