UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN SALVATORE | DOCKET NO.: 4:14-CV-01848 YK |
| Plaintiff, | A CIVIL ACTION |
| v. | |
| MICROBILT CORPORATION, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT MICROBILT CORPORATION TO STAY THE ACTION**

**I.      INTRODUCTION**

Plaintiff asserts two claims under Section 1681g(a)(2) of the Fair Credit Reporting Act, 15 U.S.C.§ 1681 et seq. (the "FCRA"), based upon MicroBilt's alleged failure to redact a portion of Plaintiff's social security number and allegedly incomplete notice of rights. (See Amended Complaint, Dkt#19, paras. 41 and 63-64). Plaintiff claims no cognizable actual damages, but instead "$1,000.00 statutory damages". Id. at 65 – 66. As more fully described below, Plaintiff's discovery responses deem "irrelevant" inquires of financial harm (credit or employment) and any potential medical treatment. In a nutshell, Plaintiff claims standing based upon a bare (alleged) technical statutory violation which admittedly caused Plaintiff no harm, premised solely upon an alleged statutory violation with no evidence of any "practical consequence" to Plaintiff. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 63, 127 S. Ct. 2201, 2212, 167 L. Ed. 2d 1045 (2007).

In its upcoming October 2015 Term, the Supreme Court will, according to the grant of certiorari in Spokeo, address whether a consumer must suffer actual harm to recover statutory damages under 15 U.S.C. § 1681n, which is the only remedial provision invoked here.

1304196.1

In <u>Spokeo</u> the Supreme Court will address the following question:

Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.

Question Presented, <u>Spokeo, Inc. v. Robins</u>, No. 13-1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf.

The Constitution limits the power of Congress to confer standing in such a manner, *see* <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992), and the extent of those Constitutional limits is about to be addressed in <u>Spokeo</u>. (See also, <u>Summers v Earth Island Inst.</u>, 555 U.S. 488, 497, 129 S.Ct. 1142, 1151, 173 L.Ed.2d 1 (2009), where the Court explained: "[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.")

Given the grant of certiorari, the Supreme Court presumably considered that the Circuits are sufficiently divided on who has standing to seek relief under a federal statute. In <u>Robins v. Spokeo, Inc.</u>, 742 F.3d 409, 412 (9th Cir. 2014), the Ninth Circuit held that a plaintiff need not plead actual harm to pursue a claim for statutory damages under the FCRA and, in turn, certified a FCRA statutory-damages class (like Plaintiff's individual claim here). Unlike the Ninth Circuit, the Third Circuit has held that a plaintiff <u>must</u> allege actual injury, and not merely a violation of a federal statute, to establish Article III standing. See <u>Joint Stock Soc'y v. UDV N. Am., Inc.</u>, 266 F.3d 164, 176 (3d Cir. 2001) (plaintiffs lacked standing because they suffered no "injury in fact" resulting from the alleged violation) (Alito, J.); <u>Fair Hous. Council v. Main Line Times</u>, 141 F.3d 439, 443-44 (3d Cir. 1998) (plaintiff who was not actually deterred by discriminatory advertising lacked standing because "a violation of the Act does not automatically confer standing on any plaintiff, even one who holds the status of a private attorney general"). On April 27, 2015, the Supreme Court granted a writ of certiorari to examine the validity of the Ninth Circuit's analysis. <u>Spokeo, Inc. v. Robins</u>, No. 13-1339, 2015 WL 1879778, at *1 (U.S. Apr. 27,

2015). The Supreme Court's decision to grant review in Spokeo, suggests that the Supreme Court has serious concerns about the standing of persons who were not affected in a practical way by the particular practice challenged. Accordingly, the present litigation should be stayed so this Court has the benefit of the Supreme Court's guidance before potentially unnecessary expense incurred the parties and the unnecessary expenditure of judicial resources. It is essential for this Court to have the Supreme Court's most up-to-date views on whether Plaintiff's claim of statutory violation with no harm can even be made.

Briefing on the merits in Spokeo is likely to be completed before the end of this summer. Based on the Supreme Court's customary practice, a decision will likely be rendered before the end of June 2016. Given the expected significance of Spokeo to Plaintiff's claim (and the others brought and threatened by Plaintiff's counsel) and the particular legal standard to be applied in this matter, and the waste of resources associated with continued fact and expert discovery, dispositive motions and, likely additional cases that might not result in any sustainable judgment, the proceedings here should be held in abeyance to allow the Supreme Court to take action. Accordingly, MicroBilt respectfully moves this Court to stay the action pending the Supreme Court's decision in Spokeo.

A stay or trial continuance is warranted in this case because: (1) Plaintiff will not suffer harm, as a mere delay in monetary recovery is insufficient to deny a motion to stay, and awaiting decisions in Spokeo before proceeding could significantly narrow, or more likely dispose of the issues; (2) denying the stay would harm both parties, as they would be required to expend significant time and resources conducting fact and expert discovery, preparing pretrial motions, summary judgment motions, and preparing for trial, when the Supreme Court may materially alter the applicable legal standard; and (3) a stay would promote the orderly course of justice and

conserve judicial resources by allowing this Court the benefit of the Supreme Court's guidance prior to ruling on the material issues. For these reasons, as discussed in more detail below, the Motion should be granted and the action stayed pending the Supreme Court's decision in Spokeo.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2014, Plaintiff filed the Amended Complaint against MicroBilt, asserting claims for willful violation of Section 1681g(a) of the FCRA based on MicroBilt's purported failure to redact social security numbers and to provide a notice of rights. (Dkt#19, Amended Complaint ¶¶ 41, 63 - 64.) Plaintiff seeks statutory damages and has failed outright to respond to discovery requests regarding no harm which might have resulted from the alleged violations. Presumably, if discovery were answered, Plaintiff would concede no harm, just like Plaintiffs in the associated cases. This is particularly true for Mr. Salvatori as MicroBilt had no file concerning him!

MicroBilt filed its Answer and Affirmative Defenses to the Amended Complaint. (Dkt#20). The parties are in the process of exchanging discovery and depositions of Plaintiff was been adjourned by Plaintiff's counsel in this and the related cases. (Plaintiff's counsel simply stated Mr. Salvatore was difficult to reach – the same excuse for the lack of discovery responses.)

Pursuant to the Case Management Order covering all three related cases, (Dkt#21), fact discovery shall be completed by August 14, 2015; reports August 30, 2015 and summary judgment motions are due by September 15, 2015. Importantly, the trial date remains: "To Be Determined". As this schedule reflects, this matter is currently in an early stage.

## III. III. ARGUMENT

### A. This Court Has Discretion to Stay Proceedings.

Under the proper circumstances -- which exist here -- a court may stay one case pending the outcome of another case. As the Supreme Court has pronounced, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The Third Circuit has recognized and implemented this worthwhile procedural mechanism to ensure that important issues are properly addressed. Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."). The issue and question presented in Spokeo is precisely the type for which this Court should invoke its discretion to stay so that this case is properly adjudicated.

"Of particular importance is that the issues and parties to the two causes need not be identical before one suit may be stayed to abide the proceedings in another suit." Resco Products, Inc. v. Bosai Minerals Grp. Co., No. CIV.A. 06-235, 2010 WL 2331069, at *4 (W.D. Pa. June 4, 2010) (citing Landis, 299 U.S. at 254). "When two cases implicate similar facts or issues of law, the pending cause 'may not settle every question of fact and law' in the current suit, but it may 'in all likelihood . . . settle many and simplify them all.'" Id. (quoting Landis, 299 U.S. at 256). Here, if the Supreme Court rejects the Ninth Circuit's analysis of Article III standing and confirms the validity of Judge (now Justice) Alito's analysis in Joint Stock Soc'y, then Plaintiff's claim will no longer exist. As such, Spokeo presents a serious likelihood that it will "settle every question of fact and law" with respect to the merits of Plaintiff's claim.

In determining whether to grant a stay, the Court should consider the following: (1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy. Pa. State Troopers Ass'n v. Pawlowski, No. 1:09-cv-1748, 2011 WL 9114, at *1 (M.D. Pa. Jan. 3, 2011); see also Vasvari v. Rite Aid Corp., No. 09-cv-2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010). As explained below, each factor weighs heavily in favor of staying the action pending the Supreme Court's decision in Spokeo.

**B.     This Action Should be Stayed Pending the Supreme Court's Decision in Spokeo.**

**1.     The Parties Will Suffer Harm If The Motion To Stay Is Denied.**

Both MicroBilt and Plaintiff will be harmed *unless* a stay is imposed. If MicroBilt's motion to stay is denied while Spokeo is pending, the parties will expend, and potentially waste, significant time and resources conducting fact and expert discovery, retaining experts, preparing pretrial motions including summary judgment and preparing for trial, when the Supreme Court may materially alter the applicable legal standard in a decision which is dispositive of Plaintiff's claims.

As explained above, Plaintiff's claims for violations of Section 1681g(a) of the FCRA, based upon MicroBilt's alleged failure to redact social security numbers or properly disclose rights, admittedly caused no harm or damages. See Plaintiff's Amended Complaint. Plaintiff seeks statutory damages based solely on a purely technical alleged violation, but was plainly not negatively affected by the allegedly missing notice of rights or non-redacted social security.

Plaintiff (and the putative plaintiffs which counsel has threatened) cannot show any specific "practical consequence" of MicroBilt's alleged failure to redact or send the summary of

rights, particularly here, where MicroBilt had no file in its database on Plaintiff. See Safeco Ins. Co. of Am., 551 U.S. at 63.

Thus, the precise question at issue in Spokeo bears directly on Plaintiff's claim(s) and whether it may be maintained.[1] Indeed, if the Supreme Court holds in Spokeo that proof of actual harm is necessary to recover statutory damages under the FCRA, Plaintiff lacks Article III standing to maintain a claim because no harm resulted from the alleged statutory violation(s).

Two different judges in the Northern District of California recently relied upon Landis to grant stays pending the Spokeo decision in cases asserting statutory damages claims under the FCRA, on the grounds that Spokeo may directly impact material issues, and that any possible prejudice to plaintiffs resulting from a stay is minimal, as the Spokeo decision will likely be issued within a year per the Supreme Court's customary practice.[2] And many other authorities

---

[1] While Spokeo is at the motion to dismiss stage, the issue on appeal to the Supreme Court is not merely a pleading standard question, as demonstrated by both the Ninth Circuit's opinion and the question presented to the Supreme Court. See Robins, 742 F.3d at 413 ("The issue before us is whether violations of statutory rights created by the FCRA are 'concrete, de facto injuries,' that Congress can [elevate to the status of legally cognizable injuries]."); Question Presented, Spokeo, Inc. v. Robins, No. 13-1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf ("Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."). This concept applies at any stage of a proceeding, as standing must exist on the date the complaint is filed and at all times throughout the litigation. See Berger v. Weinstein, No. 07-994, 2008 WL 3183404 (E.D. Pa. Aug. 6, 2008) ("a plaintiff's injury must exist from the commencement of litigation and must be existent at all stages of review") (internal citations and quotation omitted).

[2] See Orders entered in Ramirez v. Trans Union LLC, United States District Court, Northern District of California, Case No. 12-CV-00632-JSC, and Larson v. Trans Union LLC, Northern District of California, Case No. 12-CV-005726-WHO, attached as Exhibits A & B. Cases recently denying stays pending a decision in Spokeo hold no persuasive value, as they fail to analyze the factors courts consider in the Third Circuit regarding whether a stay is justified under Landis. See Dreher v. Experian Info. Solutions, Inc., 3:11-cv-00624-JAG (E.D. Va. Apr. 30, 2015) (denying motion to stay by simply writing on the defendant's motion papers, without any explanation, "Denied"); Speer v. WholeFood Mkt. Grp., Inc., No. 8:14-CV-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (denying motion to stay on grounds that it is unable to predict how the Supreme Court will rule).

7

1304196.1

approve stays under circumstances similar to those present here. See, e.g., Pa. State Troopers Ass'n, 2011 WL 9114, at *1 (staying proceedings pending a Supreme Court decision as it would either alter the course of the action and possibly obviate the need for further proceedings or, in the alternative, provide the litigation with "welcome certainty on a difficult question"); Vasvari, 2010 WL 3328210, at *2 (holding that a stay is warranted when the movant would have to engage "in discovery with a putative, statewide class action [which] will require expenditure of a great amount of resources that may indeed be futile depending upon the guidance provided by the Third Circuit"); Burlington v. News Corp., No. 09-1908, 2011 WL 79777, at *2 (E.D. Pa. Jan. 10, 2011) (staying matter pending a Supreme Court decision that would clarify applicable legal standard because proceeding with litigation would "clearly be a waste of judicial resources and a waste of the parties' time"); Levine v. First Am. Title Ins. Co., No. 09-842, 2010 WL 2527681, at *5 (E.D. Pa. June 18, 2010) (granting motion to stay pending a decision from Pennsylvania Supreme Court on a critical issue, particularly because extensive discovery had not been taken in class action matter and no trial date had been set); Schwartz v. Lawyers Title Ins. Co., No. 09-841, 2010 WL 2527682, at *5 (E.D. Pa. June 18, 2010) (same); Mendez v. U.S., No. 05-1716 (NLH), 2007 WL 1652267, at *2-3 (D.N.J. June 4, 2007) (staying the matter because Supreme Court granted certiorari in a case involving similar issues). This Court should follow these courts' guidance and enter the requested stay.

### 2. Plaintiff Will Not Suffer Any Prejudice From A Stay.

A delay in this action until the Supreme Court decides an issue contested by both parties, and dispositive of Plaintiff's action, will not prejudice Plaintiff, and the short delay requested here does not justify denying a stay, since only monetary relief is at issue in this case. See Pa. State Troopers Ass'n, 2011 WL 9114, at *1 (stating that since a decision by the Supreme Court

8

1304196.1

"has the potential to dramatically alter the course of this action" any purported harm by "justice delayed" does not warrant denying a stay); Vasvari, 2010 WL 3328210, at *3 (stating that "any injury to Plaintiff is not significant enough to weigh in favor of continuing the litigation while expecting the Third Circuit's decision").[3] Moreover, this matter is in its early stages of litigation, discovery is ongoing, no depositions taken, dispositive motions not filed, and no trial date has been set.

Plaintiff cannot justify denying a stay of this action on the ground that it will delay a potential monetary recovery. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005); Harris v. State of Washington Dep't of Soc. & Health Servs., No. C08- 5479 BHS, 2013 WL 3936803, at *2 (W.D. Wash. July 30, 2013); Gustavson v. Mars, Inc., No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (stating that a "mere delay in monetary recovery is an insufficient basis to deny a stay"); Asis Internet Servs. v. Active Response Grp., No. C07 6211 TEH, 2008 WL 4279695, at *5 (N.D. Cal. Sept. 16, 2008) (same).

### 3. A Stay Will Conserve Judicial Resources And Promote The Orderly Course Of Justice.

If the Supreme Court in Spokeo holds that proof of actual harm is necessary to recover statutory damages under the FCRA, Plaintiff has no claim, and this Court will no longer need to resolve discovery issues, pretrial briefs or try the claim for violation of Section 1681g(a)(2). Accordingly, this factor also favors a stay. See Pa. State Troopers Ass'n, 2011 WL 9114, at *1 ("a brief delay will provide this litigation with welcome certainty on a difficult question"); Vasvari, 2010 WL 3328210, at *3 ("we find that a temporary stay of proceedings will streamline the proceedings in this Court"); In re Mut. Funds Inv. Litig., No. 04-MD-15863, 2011 WL 1540134, at *2 (D. Md. Apr. 20, 2011) ("[A] stay would promote judicial economy by avoiding the litigation of a set of disputed issues that the Fourth Circuit is likely to soon resolve in a

similar case."); Cardenas v. AmeriCredit Fin. Servs. Inc., No. C 09-04978 SBA, 2011 WL 846070, at *3 (N.D. Cal. Mar. 8, 2011) (finding that a stay would promote the orderly course of justice because a decision by the Supreme Court "will be instructive with respect to some or all of the issues").

### 4. The Length Of The Requested Stay Is Neither Indefinite Nor Excessive.

The length of the stay is predictable in this case and is neither indefinite nor excessive. Briefing on the merits in Spokeo is expected to be completed the end of this Summer. Based on the Supreme Court's customary practice, decisions can be expected before the end of June 2016. See Supreme Court Rule 25 (deadlines for merits briefing after petition for writ of certiorari is granted). Moreover, because no trial date has been set by this Court, a stay would have no impact on any trial date.

## IV. CONCLUSION

Based on the foregoing, MicroBilt requests that this action be stayed pending a decision by the Supreme Court in Spokeo.

Dated: Thursday, July 30, 2015

Respectfully submitted,

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: /s/ Bruce S. Luckman
Bruce S. Luckman
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744
*Attorneys for Defendant MicroBilt Corporation*

1304196.1