# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN SALVATORE,** | : | Civil No. 4:14-CV-1848 |
| | : | |
| **Plaintiff,** | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **MICROBILT CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

## **MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case involves a claim brought by a consumer against a credit agency under the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. §1681. The plaintiff's complaint, which was initially filed in the Court of Common Pleas of Lycoming County on May 9, 2014, makes two claims under these federal consumer credit laws. First, it is alleged that the defendant violated 15 U.S.C. §1681g(a)(1)(A), by failing to redact the plaintiff's social security number from correspondence sent to the plaintiff, despite a request by the plaintiff for redaction of this information. The plaintiff's complaint then goes on to allege that the defendant also violated the FCRA and FACTA by failing to provide the plaintiff as a consumer with a copy of a summary of the consumer's rights, as required by 15 U.S.C. §1681g(c)(2), which states that: "A consumer reporting agency shall provide

to a consumer, with each written disclosure by the agency to the consumer under this section– [a] summary of rights. . . ." Id. As a remedy for these alleged violations of these federal consumer protection laws, the plaintiff seeks statutory and punitive damages, along with attorney's fees and injunctive relief.

At the request of the defendant, we stayed the above-captioned action pending a decision by the United States Supreme Court in Spokeo, Inc. v. Robins, No. 13-1339, which had granted a petition for writ of certiorari to address the following question:

> "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, Spokeo, Inc. v. Robins, No. 13-1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf. (Doc. 103.)

The Supreme Court has now ruled in Spokeo. Spokeo Inc. v. Robins, 136 S.Ct. 1540 (May 16, 2016). Given this ruling, the stay previously entered in this case was LIFTED and the parties were directed to consult and confer and submit a joint status report on or before **June 21, 2016**, recommending what course of action this Court should follow in light of Spokeo.

We have now received this status report which indicates, in part, that the defendant intends to move to dismiss the complaint on standing grounds in light of

Spokeo. Accordingly, IT IS ORDERED as follows: With respect to this proposed motion the defendant shall comply with the requirements Local Rule 7.5 by filing the motion, and a brief in support of this motion, on or before **July 15, 2016**. The plaintiff shall file a response to the motion in accordance with Local Rule 7.6 on or before **July 29, 2016**. Pursuant to Local Rule 7.7 the defendant may then file a reply brief on or before **August 12, 2016**. All briefs must conform to the requirements prescribed by Local Rule 7.8. In the meanwhile we will STAY further discovery pending receipt and resolution of this motion. In this setting, we conclude, consistent with settled case law, that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

So ordered this 23d day of June 2016.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge